CV 05 5272

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X
SHERON HEARST, as Administratrix of the
Estate of BYRON HEARST, on her own
behalf, and on behalf of infant children,      JURY TRIAL DEMANDED
BREYANNA HEARST and BRYON HEARST; and          COMPLAINT
SHERON HEARST Individually,
                                               Civil Action No.:
                      Plaintiffs,

                 -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT and POLICE LIEUTENANT
SHAMIK WALTON,

                      Defendants.
-------------------------------------------X

        Plaintiffs, by their attorneys, RUBENSTEIN and RYNECKI, ESQS.,
complaining   of   the   Defendants,   respectfully   allege,   upon
information and belief, as follows:

        1.   That at all times hereinafter mentioned, plaintiffs
bring this suit for a violation of decedent's civil rights under 42
U.S.C.A. sections 1981, 1983, 1985, 1986 and 1988 and within the
United States Constitution and the laws of the State of New York
and this court has jurisdiction of this action pursuant to 28
U.S.C.A. 1331 and 1343.

        2.   The amount of damages in controversy is in excess of
SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest
and costs.

        3.   Venue is laid within the United States District Court
for the Eastern District of New York in that the incident arose in
the Eastern District of New York.

        4.   Plaintiffs demand a trial by jury on each and every
one of the claims pled herein.

## AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT
## AND BATTERY ON BEHALF OF BYRON HEARST

5.     That at the time of his death on May 8, 2005, and at all times hereinafter mentioned, decedent BYRON HEARST, who lived at 645 Macon Avenue, 1st Floor, County of Kings, City and State of New York, was married to plaintiff SHERON HEARST, Administratrix, who resided in the State of New Jersey.

6.     That prior to the commencement of this action, SHERON HEARST was appointed administratrix of the goods, chattels, and credits of the decedent BYRON HEARST by Order of the Honorable Albert Tomei dated May 23, 2005, Acting Judge of the Surrogate's Court, Kings County.

7.     That in bringing this action against the above-named defendants, plaintiffs continue to act in their representative capacity on behalf of the Estate of BYRON HEARST, and SHERON HEARST acts on behalf of her individual capacity and as the parent and natural guardian of her infant children, BREYANNA HEARST and BRYON HEARST, as well.

8.     (a) That the defendant THE CITY OF NEW YORK (hereinafter "CITY"), at all times hereinafter mentioned was a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

(b) That prior hereto on May 27, 2005, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with plaintiff's demands for adjustment or payment thereof was served upon the comptroller of the City of New York, and that thereafter the CITY OF NEW YORK

refused or neglected for more than (30) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within provided by law, this action was commenced.

(c) That on June 23, 2005 pursuant to the General Municipal Law a Statutory 50-H hearing was held.

(D) That this matter is being commenced within the statutory time frame provided by for the law from the date cause of action accrued.

9.  That the defendant, CITY, its agents, servants and/or employees operated, maintained, and controlled a police force known as the NEW YORK CITY POLICE DEPARTMENT, including all the police officers employed therein.

10.  That at all times hereinafter mentioned, defendant, POLICE LIEUTENANT SHAMIK WALTON was employed by the defendant CITY's Police Department.

11.  That at all times hereinafter mentioned, at approximately 2:45 P.M. on May 8, 2005 in front of 645 Macon Street, County of Kings, City and State of New York, defendant POLICE LIEUTENANT SHAMIK WALTON was present at the aforesaid location.

12.  That at all times hereinafter mentioned, at approximately 2:45 P.M. on May 8, 2005 in front of 645 Macon Street, County of Kings, City and State of New York, defendant POLICE LIEUTENANT SHAMIK WALTON was acting within the course and scope of his employment with the Police Department of defendant CITY.

13. That at all times hereinafter mentioned, decedent BYRON HEARST, was lawfully on and or near the aforementioned premises.

14. That on May 8, 2005, at approximately 2:45 P.M., the decedent was confronted by defendant POLICE LIEUTENANT SHAMIK WALTON; and without reason or provocation, was caused to be shot numerous times, resulting in death.

15. At the aforementioned time and place, decedent, BYRON HEARST, was shot numerous times by Defendant, POLICE LIEUTENANT SHAMIK WALTON, while acting as an agent, servant and/or employee of the Defendant, CITY.

16. The aforementioned shooting by defendant POLICE LIEUTENANT SHAMIK WALTON was performed knowingly, intentionally and wilfully.

17. That the defendant POLICE LIEUTENANT SHAMIK WALTON who committed the aforementioned shooting upon the decedent, BYRON HEARST, was acting within the scope of his employment with the Defendant, CITY as he identified himself as a police officer and discharged his police weapon.

18. That the shooting of the plaintiff was without probable cause.

19. By reason of said assault and battery decedent, BYRON HEARST, was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

20. By reason of the foregoing, the Plaintiff sustained damages both compensatory and exemplary in an amount

exceeding the jurisdictional limits of all lower Courts against
the defendants, CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT and POLICE LIEUTENANT SHAMIK WALTON, in a sum
exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION FOR
### INJURIES SUSTAINED BY BYRON HEARST -Sec. 1983 of 42 U.S.C.

21.   The plaintiffs repeats and realleges each and every
allegation set forth above numbered "1" through "20"  inclusive
with the same force and effect as if more fully set forth at length
herein.

22.   That at all times hereinafter mentioned, defendant
POLICE LIEUTENANT SHAMIK WALTON engaged in the actions and conduct
alleged herein in his official capacity as a New York City police
officer and under the color and authority of State law, regulation,
ordinance, custom, and usage.

23.   That such actions served to deprive the decedent
BYRON HEARST of the rights and privileges of the United States
Constitution, the Fourteenth Amendment of the U.S. Constitution and
Sec. 1983 of 42 U.S.C.  In particular, he was deprived of his right
to due process of law, of his right to happiness, to liberty, to be
free from physical injury and the unwarranted use of physical
force, and ultimately to the most fundamental right - his right to
life.

24.   The defendant CITY has as a matter of policy and
practice and with deliberate indifference failed to adequately
train, supervise, discipline, sanction or otherwise direct it's
police officers, including the officer at the scene in this case,
defendant POLICE LIEUTENANT SHAMIK WALTON regarding the protection

of the constitutional rights of citizens - and more importantly - failed to tear down the "Blue Wall of Silence" so as to force the disclosure of these constitutional abuses and to take corrective measures.

25.   Such policy, practice and deliberate indifference has been described in excruciating detail in the various investigations and commissions into the Police Department.  It has served to encourage and sanction the police officers' unlawful conduct described above, and was a proximate cause of the violations of decedent BYRON HEARST'S rights on the afternoon of May 8, 2005.

26.   By reason of the foregoing, the Plaintiff sustained damages both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts against the defendants, CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and POLICE LIEUTENANT SHAMIK WALTON, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION FOR
### PERSONAL INJURIES SUSTAINED BY BYRON HEARST - NEGLIGENCE

27.   The plaintiffs repeats and realleges each and every allegation set forth above numbered "1" through "26" inclusive with the same force and effect as if more fully set forth at length herein.

28.   That said incident and the injuries resulting therefrom were caused solely by the negligence, carelessness, and recklessness of defendants CITY, through its agents, servants, employees and the police officers involved and defendant POLICE LIEUTENANT SHAMIK WALTON, both directly and vicariously.

Such negligence consisted of: Improperly and carelessly initiating a confrontation with decedent BYRON HEARST which was without probable cause and unwarranted under all the circumstances  and in violation of the restrictions and commonly accepted practices of the New York City Police Department; in improperly engaging in the use and discharge of a firearm; in shooting multiple shots and striking the decedent multiple times; in improperly, carelessly, and recklessly using physical force in connection with the unwarranted  confrontation in violation of the restrictions and commonly accepted practices of the New York City Police Department; in  failing to adequately and timely investigate the shooting, and said incident was further caused by the systemic failures of the protocols utilized in similar situations by the defendants; in failing to create and enforce guidelines and rules of the New York City Police Department governing the conduct of officers while utilizing their firearms; in failing to adequately investigate the shooting, participating in an attempt to cover-up said incident, and creating the condition which gave rise to the shooting.

29.    The defendants, its agents, servants and/or employees were negligent, reckless and careless in assaulting, battering and discharging a firearm thereby shooting the plaintiff, BYRON HEARST, causing personal injuries and death.

30.    As the result of said negligence, the decedent, BYRON HEARST, was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

31.  By reason of the foregoing, the plaintiffs were damaged in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR INJURIES SUSTAINED BY BYRON HEARST - NEGLIGENT HIRING AND RETENTION

32.  The plaintiff BYRON HEARST repeats and realleges each and every allegation set forth above numbered "1" through "31" inclusive with the same force and effect as if more fully set forth at length herein.

33.  Defendants CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT did not exercise reasonable care and diligence in the selection, engagement, employment and training of its agents, servants, and employees and were negligent in the hiring, training and retention of defendant, POLICE LIEUTENANT SHAMIK WALTON who discharged his firearm thereby causing death to the the decedent BYRON HEARST.

34.  That the Defendant, CITY had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendant, POLICE LIEUTENANT SHAMIK WALTON and continued to employ him and allowed him to be in contact with the public at large.

35.  By reason of the foregoing, the plaintiffs was damaged in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF SHERON HEARST - LOSS OF SERVICES

36.  The plaintiffs repeats and realleges each and every allegation set forth above numbered "1" through "35" inclusive with the same force and effect as if more fully set

forth at length herein.

37.   At all times hereinafter mentioned, Plaintiff
SHERON HEARST was the wife of decedent BYRON HEARST, who was
financially supported, was raising decedent's children, and
enjoyed the services, society, and companionship prior to this
occurrence.

38.   As a result of the defendants' negligence,
defendants' assault and battery, defendants' negligent hiring and
retention, and defendants' violation of the decedent's
constitutional rights, SHERON HEARST has been deprived of the
services, society and support of her husband the decedent BYRON
HEARST- forever!

39.   By reason of the foregoing, the plaintiff was
SHERON HEARST damaged in an amount exceeding the jurisdictional
limits of all the lower Courts.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF
### SHERON HEARST FOR BREYANNA HEARST - LOSS OF GUIDANCE

40.   The plaintiffs repeats and realleges each and every
allegation set forth above numbered "1" through "38"  inclusive
with the same force and effect as if more fully set forth at length
herein.

41.   At all times hereinafter mentioned, Plaintiff
BREYANNA HEARST was the infant child of decedent BYRON HEARST,
decedent BYRON HEARST provided the infant BREYANNA HEARST with
support, maintenance parental nurture and care, and the physical,
moral  and  intellectual  training  and  guidance  prior  to  this
occurrence.

42.   As a result of the defendant's negligence,

defendants' assault and battery, defendants' negligent hiring and retention, and defendants' violation of the decedent's constitutional rights, BREYANNA HEARST has been deprived of the support, maintenance, parental nurture and care, the physical, moral and intellectual training and guidance of her father decedent BYRON HEARST forever!

43.   By reason of the foregoing, the plaintiffs were damaged in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF SHERON HEARST FOR BRYON HEARST - LOSS OF GUIDANCE

44.   The plaintiffs repeats and realleges each and every allegation set forth above numbered "1" through "43" inclusive with the same force and effect as if more fully set forth at length herein.

45.   At all times hereinafter mentioned, Plaintiff BRYON HEARST was the infant child of decedent BYRON HEARST; decedent BYRON HEARST gave the infant BRYON HEARST support, maintenance parental nurture and care, and the physical, moral and intellectual training and guidance prior to this occurrence.

46.   As a result of the defendants' negligence, defendants' assault and battery, defendants' negligent hiring and retention, and defendants' violation of the decedent's constitutional rights, BRYON HEARST has been deprived of support, maintenance, parental nurture and care, the physical, moral and intellectual training and guidance of his father  BYRON HEARST forever!

47. By reason of the foregoing, the plaintiffs were

damaged in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF
### THE ADMINSTRATRIX OF THE ESTATE - WRONGFUL DEATH

48.   The plaintiffs repeats and realleges each and every allegation set forth above numbered "1" through "47"  inclusive with the same force and effect as if more fully set forth at length herein.

49.   That on May 8, 2005, BYRON HEARST died at the age of 27 as a result of the defendants' negligence, defendants' assault and battery, defendants' negligent hiring and retention, improper use and discharge of a firearm by defendant POLICE LIEUTENANT SHAMIK WALTON and defendants violation of the decedents' constitutional rights.

50.   Prior to the time of BYRON HEARST'S death, he was employed and supported his family.

51.   Decedent BYRON HEARST was survived by his wife SHERON HEARST and BREYANNA HEARST and BRYON HEARST two children who, by reason of the actions of the defendants herein alleged, have been deprived of the decedent's involvement in their lives as described herein.

52.   As a result of the foregoing, the plaintiffs became responsible for the expenses of decedent's funeral and they have suffered pecuniary loss as a result thereof.

53.   By reason of the foregoing, the plaintiffs were damaged in an amount exceeding the jurisdictional limits of all the lower Courts for the wrongful death of the decedent BYRON HEARST.

WHEREFORE, plaintiff, SHERON HEARST, as Administratrix of

the Estate of BYRON HEARST, on her own behalf, and on behalf of her infant children, BREYANNA HEARST and BRYON HEARST; and SHERON HEARST Individually, demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the First Cause of Action; plaintiff SHERON HEARST, as Administratrix of the Estate of BYRON HEARST, on her own behalf, and on behalf of her infant children, BREYANNA HEARST and BRYON HEARST; and SHERON HEARST Individually, demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the Second Cause of Action; plaintiffs, as Administratrix of the Estate of BYRON HEARST, on her own behalf, and on behalf of her infant children, BREYANNA HEARST and BRYON HEARST; and SHERON HEARST Individually, demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the Third Cause of Action; plaintiff SHERON HEARST, as Administratrix of the Estate of BYRON HEARST, on her own behalf, and on behalf of her infant children, BREYANNA HEARST and BRYON HEARST; demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the Fourth Cause of Action; plaintiff SHERON HEARST, as Administratrix of the Estate of BYRON HEARST, on her own behalf, and on behalf of her infant children, BREYANNA HEARST and BRYON HEARST; and SHERON HEARST Individually, demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the Fifth Cause of Action; plaintiffs SHERON HEARST, as Administratrix of the Estate of BYRON HEARST, on her own behalf, and on behalf of her infant children, BREYANNA HEARST and BRYON

HEARST; and SHERON HEARST Individually demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the Sixth Cause of Action; plaintiff SHERON HEARST, as Administratrix of the Estate of BYRON HEARST, on her own behalf, and on behalf of her infant children, BREYANNA HEARST and BRYON HEARST; and SHERON HEARST Individually, demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the Seventh Cause of action; plaintiff SHERON HEARST, as Administratrix of the Estate of BYRON HEARST, on her own behalf, and on behalf of her infant children, BREYANNA HEARST and BRYON HEARST; and SHERON HEARST Individually, demands judgment against the defendants in an amount exceeding the jurisdictional limits of all lower Courts on the Eighth Cause of action; together with attorneys' fees, and the costs and disbursements of this action.

DATED:  Brooklyn, New York
        October    , 2005

Yours, etc.

BY: Sanford A. Rubenstein, Esq.
RUBENSTEIN & RYNECKI
Attorneys for Plaintiffs
16 Court Street Suite 1717
Brooklyn, New York 11241
(718) 522-1020

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK        )
                          )  SS:
COUNTY OF KINGS          )


        SHERON HEARST being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.


                               SHERON HEARST


Sworn to before me this
 7 day of *NOV*, 2005

        NOTARY PUBLIC

KATHERINE D. STEPHENSON
Commissioner of Deeds, City of NY
No. 2-11344
Qualified in Kings County
Commission Expires July 22, __06__